J-S09032-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEIZEELASE ESCALERA-VELAZQUEZ | : | |
| | : | |
| Appellant | : | No. 2477 EDA 2025 |

Appeal from the Judgment of Sentence Entered August 8, 2025
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003168-2024

BEFORE:   MURRAY, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED MAY 19, 2026**

Appellant, Geizeelase Escalera-Velazquez, appeals from the judgment of sentence entered August 8, 2025, in the Court of Common Pleas of Lehigh county following Appellant's pleading guilty to one count possession with intent to deliver a controlled substance – cocaine (12 grams)[1], an ungraded felony, and one count of driving under the influence of a controlled substance – marijuana, first offense[2], an ungraded misdemeanor. Appellate counsel has filed a petition seeking to withdraw as well as a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 602 Pa. 159 (2009) (hereinafter "***Anders*** brief"). After careful review, we deny counsel's petition to withdraw, deny Appellant's request to discontinue, vacate

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 35 Pa.C.S.A. § 780-113(a)(3)
[2] 75. Pa.C.SA. § 3802(d)(1)(i)

the judgment of sentence, and remand for re-sentencing consistent with this decision.

By way of factual background, on August 12, 2024, at approximately 10 P.M., Appellant was traveling northbound on Hamilton Boulevard in Upper Macungie operating a silver Honda sedan. N.T. Guilty Plea Hearing 6/17/2025 (hereinafter "Guilty Plea Hearing") at 6. At that time, Officer Riley Miller of the Upper Macungie Police observed Appellant's vehicle moving through traffic lanes in an unsafe manner, and as such conducted a traffic stop of the vehicle. *Id.* Upon approach, Officer Miller observed Appellant to be operating the vehicle, and further noted Appellant had "glassy, bloodshot eyes," and admitted that he had smoked marijuana earlier that day. *Id.*

Appellant was asked to step out of the vehicle to perform field sobriety testing and thereafter consented to a pat-down search for weapons. *Id.* at 6-7. During this search, Appellant made "furtive movements towards his groin," from which fell several baggies containing a powdery white substance, consistent with the appearance of cocaine. *Id.* at 7. Appellant consented to a search of his vehicle wherein an additional baggy of suspected cocaine was found, totaling seven baggies. *Id.* Appellant was also found to be in possession of $450 in U.S. currency. *Id.*

Subsequent laboratory testing was conducted which confirmed the baggies contained a total of 12 grams of cocaine, and chemical testing of Appellant's blood confirmed the presence of marijuana. *Id.* at 7

On June 17, 2025, Appellant pled guilty to one count possession with intent to deliver relative to the 12 grams of cocaine, and one count DUI – controlled substance, first offense. Pursuant to the plea agreement, counts one and two were to be run concurrently, and further the agreement would "cap" the lower end of Appellant's sentence as to count one at nine months incarceration.[3] Thereafter, sentencing was deferred to a later date at the request of plea counsel. *Id.* at 7-8.

On August 7, 2025, Appellant was sentenced in accordance with the plea agreement to a period of incarceration at Lehigh County Jail, at count one, to not less than nine months, nor more than twenty four months, less a day, and on count two not less than seventy two hours, nor more than six months, concurrent to count one, in addition to costs and fines. Sentencing Hearing 8/7/2025 at 7-8.

Thereafter, Appellant filed a post-sentence motion seeking modification of the sentence imposed and alleging an abuse of discretion on the part of the sentencing court. This motion was subsequently denied, and the instant appeal timely followed. As noted above, in *lieu* of an advocate's brief, appellate counsel has filed a motion to withdraw and brief pursuant to **Anders** and **Santiago** (hereinafter "**Anders** brief"). On May 6, 2026, Appellant filed a *pro se* response to counsel's **Anders** brief requesting a discontinuance of his

_____

[3] As noted by the trial court, because Appellant's prior record score was "a true zero," and count one carried an offense gravity score of twelve, the standard range sentence was nine to twelve months of incarceration.

appeal, citing, *inter alia*, appellate counsel's petition to withdraw, counsel's conclusion that the appeal lacked merit, and that Appellant has been informed he does not have the right to request court appointment of an alternate attorney.

However, before ruling on Appellant's request or proceeding to address the issue identified by counsel in the ***Anders*** brief, we will first resolve counsel's petition to withdraw. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007)(*en banc*). As we have observed, an attorney seeking to withdraw must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of [their] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013)(*en banc*)(citation omitted).

Additionally, an ***Anders*** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

- 4 -

Following review of the record on appeal, and in light of Appellant's *pro se* response, we find that counsel has satisfied the technical requirements relative to their motion to withdraw under **Anders** and **Santiago**, however, after our own review of the matter, we disagree with counsel's conclusion that the identified issue is meritless. **Commongwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018)("In light of the constitutional rights at issue, we must give **Anders** a most generous reading and review 'the case' as presented in the entire record with consideration first of issues raised by counsel."). As such, we deny counsel's petition to withdraw and deny Appellant's request for a discontinuance predicated upon the same.

Regarding the substance of the appeal, counsel presents one question involved in their brief:

> Whether the trial court abused its discretion in imposing a manifestly excessive and unreasonable sentence based upon the factors reviewed by the Court and that the Court failed to properly and fully consider all mitigating evidence, including the Appellant's acceptance of responsibility, lack of a prior criminal record, steady employment, and assertion that he did not possess the drugs to sell, and, [sic] but rather, he was taking them to a party.

**Anders** Brief at 4.

In reviewing such challenges, we observe the following standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its

judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Ali***, 197 A.3d 742, 761 (Pa. Super. 2018).

Further, an Appellant who seeks to challenging the discretionary aspects of his sentence must: (1) file a timely notice of appeal; (2) preserve the issue at sentencing or in a motion to reconsider and modify sentence; (3) include within his brief a concise statement of the reasons relied upon for allowance of appeal as required by Pa.R.A.P. 2119(f); and (4) raise a substantial question that the sentence is inappropriate under the Sentencing Code.

***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa. Super. 2013).

We note Appellant's notice of appeal was timely filed, and again he did file a post-sentence motion seeking to modify his sentence. As such the first two requirements are met.

Further, Appellate counsel satisfies the third requirement by including the requisite concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f), although he therein argues, *inter alia*:

> The Appellant also believes that the Court failed to fully and adequately give meaningful consideration to the mitigating factors in this case. While there was no Presentence Investigation Report, the Appellant consented to immediate sentencing at the guilty plea hearing, therefore, the fact that no report was viewed by the Court is not an issue.

***Anders*** Brief at 11.

After thorough review of the transcripts of the guilty plea hearing, this Court can find no indication that the Appellant consented to immediate

sentencing. Rather, the guilty plea hearing concluded with the following exchange between the lower court and plea counsel:

> The Court: [. . .] You're asking for deferred sentencing, Attorney Tharp?
>
> MS. THARP: Yes, I am, Your Honor. My client -- our client has been primarily handled by Attorney Lloyd. So I would like him to be here for sentencing. In addition, I know my client has things he would like to handle.
>
> THE COURT: All right. We'll defer the sentencing 'til August 7th at 1:30. I believe both counsel are here for that day.

Guilty Plea Hearing 6/17/2025 at 7-8.

As counsel's statement regarding the facts of this case is contrary to the record, the resulting conclusion is erroneous. We observe that not only is there no indication that Appellant consented to proceed immediately to sentencing and thus to do so without a PSI, but also that Appellant was facing a potential period of incarceration in excess of one year and at time of sentencing had a "true zero" prior record score. Guilty Plea Hearing 6/17/2025 at 2.

Therefore, it was incumbent upon the lower Court to either order a PSI or in the alternative place its reasoning for declining to do so on the record. *See* Pa.R.Crim.P. 702(A)(2)(a), (c)("The sentencing judge shall place on the record the reasons for dispensing with the pre-sentence investigation report if the judge fails to order a pre-sentence report in any of the following instances: [] when incarceration for one year or more is a possible disposition under the applicable sentencing statutes; [or] when a defendant is a first offender in that he or she has not heretofore been sentenced as an adult.").

- 7 -

Since this court has held that a challenge to the discretionary aspects of an appellant's sentence arising from the failure to order a PSI in compliance with Rule 702(a) indeed does raise a substantial question, we proceed to our review of the issue presented. ***Commonwealth v. Ali***, 197 A.3d 742, 763 (Pa. Super. 2018).

We reiterate:

"The first responsibility of the sentencing judge is to be sure that he has before him sufficient information to enable him to make a determination of the circumstances of the offense and the character of the defendant. Thus, a sentencing judge must either order a PSI report or conduct sufficient presentence inquiry such that, at a minimum, the court is apprised of the particular circumstances of the offense, not limited to those of record, as well as the defendant's personal history and background. ... The court must exercise the utmost care in sentence determination if the defendant is subject to a term of incarceration of one year or more[.]

\*\*\*

[While case law does not] require that the trial court order a [PSI] under all circumstances, the cases do appear to restrict the court's discretion to dispense with a PSI report to circumstances where the necessary information is provided by another source. Our cases establish, as well, that the court must be apprised of comprehensive information to make the punishment fit not only the crime but also the person who committed it.

***Commonwealth v, Henck***, 342 A.3d 726, 740 (Pa. Super. 2025)(*citing* ***Commonwealth v. Goggins***, 748 A.2d 721, 728-729 (Pa. Super. 2000)).

Indeed, while we have held that "technical non-compliance with the requirements of Pa.R.Crim.P. 702(A)(2) may be harmless" we did so in the limited context where a "trial court elicits sufficient information during the

colloquy to substitute for a PSI report, thereby allowing a fully informed decision." *Ali*, *supra.* We have previously observed:

> [t]he "essential and adequate elements" of a PSI report include *all* of the following:
>
> > (A) a complete description of the offense and the circumstances surrounding it, not limited to aspects developed for the record as part of the determination of guilt;
> >
> > (B) a full description of any prior criminal record of the offender;
> >
> > (C) a description of the educational background of the offender;
> >
> > (D) a description of the employment background of the offender, including any military record and including his present employment status and capabilities;
> >
> > (E) the social history of the offender, including family relationships, marital status, interests and activities, residence history, and religious affiliations;
> >
> > (F) the offender's medical history and, if desirable, a psychological or psychiatric report;
> >
> > (G) information about environments to which the offender might return or to which he could be sent should probation be granted;
> >
> > (H) supplementary reports from clinics, institutions and other social agencies with which the offender has been involved;
> >
> > (I) information about special resources which might be available to assist the offender, such as treatment centers, residential facilities, vocational training services, special educational facilities, rehabilitative programs of various institutions to which the offender might be committed, special programs in the probation department, and other

similar programs which are particularly relevant to the offender's situation;

(J) a summary of the most significant aspects of the report, including specific recommendations as to the sentence if the sentencing court has so requested.

*Commonwealth v. Goggins*, 748 A.2d 721, 728-29 (Pa. Super. 2000)(*en banc*)(citation omitted, emphasis added).

In light of the above, any suggestion that it is incumbent upon a defendant to request a PSI prior to sentencing is contrary to the law of this Commonwealth. *See* Trial Court Opinion 11/10/2025 (hereinafter "Trial Court Opinion") at 3 ("Even though the Defendant did not request a Pre-Sentence Report, this Court was aware of and considered all of the aforementioned facts.").

Here, the record before us does indicate that prior to sentencing the lower court was informed as to the charges and the factual basis thereof, Appellant's age, that Appellant had completed a drug and alcohol evaluation and was recommended for outpatient treatment, and was provided with information regarding Appellant's work history and current employment. *Id.* Additionally, a letter from Appellant's employer was both provided to the court and read into the record. Guilty Plea Hearing at 4-5. Though this letter was primarily concerned with Appellant's employment circumstances, it made some passing references to Appellant's "hard life," and Appellant's ongoing support of his mother. *Id.*

While the trial court indicates in its opinion that it considered the facts before it in crafting its sentence, we note the record demonstrates no

subsequent inquiry into Appellant's social history beyond the passing mentions in the letter from his employer. As such, there was no further information adduced regarding Appellant's familial circumstances, nor the nature of the life difficulties alluded to by his employer. In addition to an insufficiently developed social history, the record evinces no information relating to Appellant's medical history, no information regarding any possibility of past military service, and includes limited information about the environment to which Appellant may return upon release or to which he may be sent should probation have been granted, all of which would have been included in a properly crafted PSI. ***Goggins***, ***supra***. As such we cannot conclude that the trial court elicited sufficient information to substitute for a PSI in this case.

Therefore, without passing on the ultimate question of whether the imposed sentence was indeed excessive, a question we are not equipped to answer in light of the incomplete record before us, we find that by failing to comply with the procedural requirements of PA.R.Crim.P. 702(a)(2), proceeding to sentence Appellant without eliciting sufficient information to substitute for a properly crafted PSI, and shifting the burden of requesting a PSI onto Appellant in contradiction to the Pennsylvania Rules of Criminal Procedure, the sentencing court misapplied the law and abused its discretion. We therefore vacate Appellant's sentence and remand for re-sentencing consistent with the foregoing.

Counsel's petition to withdraw is denied, Appellant's request for discontinuance is denied, Judgement of sentence is vacated, and this case is

remanded to the Court of Common Pleas of Lehigh County for resentencing in accordance with this decision. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/19/2026